UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JOSEPH POPPELL, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CARDINAL HEALTH, INC., ET AL., | * | CIVIL ACTION NO. 2:19-cv-64- |
| | * | LGW-BWC |
| Defendants. | * | |
| | * | |
| | * | **EMERGENCY MOTION TO** |
| | * | **EXTEND DEADLINE TO** |
| | * | **ANSWER OR OTHERWISE** |
| | * | **RESPOND** |

**EMERGENCY MOTION TO
DEADLINE TO ANSWER OR OTHERWISE RESPOND**

Defendants Cardinal Health, Inc., Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 112, LLC, Cardinal Health 113, LLC, Cardinal Health 116, LLC, Cardinal Health 200, LLC, Cardinal Health 414, LLC,[1]  McKesson Corporation,[2] McKesson Drug Company, LLC, McKesson Medical-Surgical, Inc., and McKesson Medical-Surgical Minnesota Supply, Inc. ("Moving Defendants") request an extension of their deadlines to answer, move or otherwise respond to the Complaint until the later of thirty days after (1) this Court's ruling on any motion to remand, or (2) the entry of a decision by the JPML granting a motion to vacate a

---

[1] By filing this motion, Cardinal Health 108, LLC, Cardinal Health 112, LLC, Cardinal Health 113, LLC, Cardinal Health 116, LLC, Cardinal Health 200, LLC, and Cardinal Health 414, LLC do not concede that they are properly named or that they are proper parties to this action.

conditional transfer order covering this action (or otherwise finally denying transfer of this action to the MDL). This motion is opposed by Plaintiffs.

1.     Plaintiff filed this action on April 17, 2019, in the Superior Court for Glynn County. The case was assigned docket number CE19-00472. Moving Defendants were served with the Complaint on April 18 and 19, 2019. Plaintiffs agreed to a 30-day extension for Moving Defendants, and on information and belief, other Defendants, to respond to the Complaint in the State Court action to June 18, 2019.

2.     On May 20, 2019, Moving Defendants Cardinal Health, Inc. timely removed this action with the consent of all other Moving Defendants.

3.     Without an extension, Moving Defendants would be required to answer, move, or otherwise respond to the Complaint by May 28, 2019. *See* Fed. R. Civ. P. 81(c).

4.     On May 21, 2019, counsel for Moving Defendants telephoned and emailed Plaintiffs' counsel to request their consent to extend the deadlines to answer, move or otherwise respond to the Complaint as described above.

5.     Plaintiffs' counsel requested everything that was filed with the removal in this Court (which Moving Defendants' counsel provided). Plaintiffs' counsel has now declined to agree to the requested extension.

6.     Good cause exists to extend this deadline. Requiring Moving Defendants to respond to the Complaint by May 28 would waste the parties' and the Court's resources. Neither Plaintiffs nor Moving Defendants believe that this matter ultimately should proceed in this Court at this time.

---

[2] Although not named as a Defendant in the caption of the Complaint, the body of the Complaint identifies McKesson Packaging Services. Compl. ¶ 47a & n.9. McKesson Packaging Services is not a separate, incorporated entity, and thus it does not require an extension of time.

4823-6604-2519 v1

7.      Moving Defendants understand that Plaintiffs contend that this case should proceed in Georgia state court, and that they intend to file a motion to remand this matter for lack of subject-matter jurisdiction.

8.      Moving Defendants disagree and contend that federal jurisdiction is appropriate, but they intend immediately to tag the case for inclusion in the opioid multidistrict litigation, *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio) ("the MDL").   The MDL, which is before Judge Dan Aaron Polster, contains more than 1,800 cases from around the country like this one, centered on the marketing, distribution, and sale of prescription opioids.   If the Court determines that judicial efficiency counsels in favor of permitting the MDL Court to assess Plaintiffs' jurisdictional arguments, or that federal jurisdiction is appropriate, then the Judicial Panel for Multidistrict Litigation ("JPML") will almost certainly transfer the case to the Northern District of Ohio.   There, this case can be coordinated efficiently with other opioid-related litigation, and it will return to this Court only once that coordination has run its course.

9.      Whether Plaintiffs or Moving Defendants are correct on the jurisdictional question, both agree that in the near term this case should be heard elsewhere.   The parties' and the Court's resources therefore would be wasted on briefing motions to dismiss, which the Court likely would be unable to decide on completed briefing before the matter is either transferred to the MDL or remanded.   Moreover, any motion to dismiss briefing submitted in this Court would need to be re-drafted if the case is either transferred to the MDL or remanded to state court.

10.     Given that Plaintiffs intend to move to remand the case and Defendants intend to tag this case for transfer to the MDL, the Court should not rule on any substantive motions to dismiss (or require the parties to submit briefing on such motions) before it has been determined where this case will proceed — in the MDL or in Georgia state court.   Moreover, the

jurisdictional issues can and should be addressed by the MDL judge, who currently presides over more than 1,800 other opioid-related cases, many of which raise the same jurisdictional issues. Indeed, "courts have repeatedly noted that the 'general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case.'" *Little v. Pfizer, Inc.*, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014) (quoting *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650 (W.D. Va. Mar. 6, 2012)).[3]

11.     As noted above, the Moving Defendants contacted Plaintiffs to seek their agreement to the relief requested in this motion, to no avail.  Plaintiffs' insistence that Defendants should respond to their Complaint in this Court—and do so within a very tight timeframe—is contrary to their position that this Court does not have jurisdiction to adjudicate the merits of this case.  Given that position, this motion cannot prejudice Plaintiffs.  Plaintiffs have no reason to object if Moving Defendants do not file a dispositive motion before a court that they claim lacks authority to decide that motion.

12.     In addition to these threshold jurisdictional issues, an extension of the seven-day response deadline is warranted because Plaintiffs' Complaint contains 487 paragraphs and nearly one hundred pages.  Plaintiffs are 23 separate individuals who each bring eleven causes of

---

[3] Moreover, even if the Court were inclined to consider the jurisdictional issues presented by Plaintiffs' remand motion, the Court should not entertain—and thus the parties should not submit briefing in relation to—any substantive motions to dismiss before it has been determined that subject matter jurisdiction is proper. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("The requirement that Jurisdiction be established as a threshold matter 'spring[s]' from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884))); *id.* ("Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868))); The Late Charles Alan Wright & Arthur Miller, 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed. 2018) (A "district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12.").

4823-6604-2519 v1

action.  Moving Defendants need additional time to review and respond to a Complaint of this size and complexity.

13.    In light of these facts, Moving Defendants respectfully submit that their deadline to answer, move (including motions under Rule 12(b)) or otherwise respond to Plaintiffs' Complaint should be extended until the later of thirty days after (1) this Court's ruling on any motion to remand, or (2) the entry of a decision by the JPML granting a motion to vacate a conditional transfer order covering this action (or otherwise finally denying transfer of this action to the MDL).

5

Respectfully submitted, this 22nd day of May, 2019.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

/s/ John M. Tatum
John M. Tatum
Georgia Bar No. 699000
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia   31412-0048
(912) 236-0261
(912) 236-4936 (facsimile)
Email:  jtatum@huntermaclean.com

**KREVOLIN & HORST, LLC**

Halsey G. Knapp, Jr. (admission pending)
Georgia Bar No. 425320
Adam M. Sparks (admission application forthcoming)
Georgia Bar No. 341578
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, Georgia   30309
(404) 888-9700
(404) 888-9577 (facsimile)
Email:  hknapp@khlawfirm.com
Email:  sparks@khlawfirm.com

*Attorneys for McKesson Corporation ; McKesson Drug Company, LLC; McKesson Medical-Surgical, Inc.; and McKesson Medical-Surgical Minnesota Supply, Inc.*

4823-6604-2519 v1

**BAKER & HOSTETLER LLP**

*/s/* Cody S. Wigington
S. Derek Bauer
(Georgia Bar No. 042537)
Christopher A. Wiech
(Georgia Bar No. 757333)
Cody S. Wigington
(Georgia Bar No. 653519)
Jacqueline T. Menk
(Georgia Bar No. 728365)
1170 Peachtree Street, Suite 2400
Atlanta, Georgia   30309-7676
Telephone: (404) 459-0050
Facsimile:  (404) 459-5734
Email:  dbauer@bakerlaw.com
Email:  cwiech@bakerlaw.com
Email:  cwiginignton@bakerlaw.com
Email:  jmenk@bakerlaw.com

*Counsel for Cardinal Health, Inc., Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 112, LLC, Cardinal Health 113, LLC, Cardinal Health 116, LLC, Cardinal Health 200, LLC, Cardinal Health 414, LLC*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has this day caused to be served a copy of the within and foregoing Emergency Motion to Extend Deadline to Answer or Otherwise Respond by using the Court's CM/ECF system and by depositing the same in the United States mail, in a properly addressed envelope, with adequate postage affixed thereon to insure delivery to:

John E. Floyd
floyd@bmelaw.com
Benjamin E. Fox
fox@bmelaw.com
Steve Rossenwasser
rossenwasser@bmelaw.com
Manoj S. Varghese
varghese@bmelaw.com
BONDURANT, MIXON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street, NW
Atlanta, Georgia   30309

James D. Durham
jdurham@savagelawfirm.net
SAVAGE TURNER DURHAM PICKNEY & SAVAGE
102 East Liberty Street, 8th Floor
Savannah, Georgia   31401

Christopher W. Madel
cmadel@madellaw.com
MADEL, PA
800 Pence Building
800 Hennepin Avenue
Minneapolis, Minnesota   55403

Ronald E. Harrison II
thf@theharrisonlawfirm.net
THE HARRISON FIRM
1621 Reynolds Street
Brunswick, Georgia   31520

**[signature block on following page]**

4823-6604-2519 v1

This 22nd day of May, 2019.

/s/ John M. Tatum
John M. Tatum
**Hunter Maclean, Exley & Dunn, P.C.**
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia   31412-0048
(912) 236-0261
(912) 236-4936 (fax)
Email:  jtatum@huntermaclean.com
*Attorneys for Defendants McKesson*
*Corporation, McKesson Drug Company,*
*LLC, McKesson Medical-Surgical, Inc., and*
*McKesson Medical-Surgical Minnesota*
*Supply, Inc.*

2