IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOSEPH POPPELL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CARDINAL HEALTH, INC., et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 2:19-cv-64 |

**O R D E R**

Presently before the Court are: (1) the Cardinal and McKesson Defendants' Emergency Motion to Extend Deadline to Answer or Otherwise Respond, doc. 9; (2) Defendant J M Smith Corporation and Plaintiffs' Consent Motion to Extend time to Answer, Move, or Otherwise Respond to Complaint, doc. 11; (3) Defendant G&H Pharmacy, Inc. and Plaintiffs' Consent Motion to Extend Time to Answer, Move, or Otherwise Respond to Complaint, doc. 12; (4) Defendants Rainbow Drug Store, Inc., Richard D. Griffis, Jr., and Richard D. Griffis, III's Consent Motion, doc. 18; and (5) Plaintiffs and Defendants Woodbine Pharmacy, Inc., Sabra L. Maddox, Alan M. Jones, and Carey B. Jones' Consent Motion, doc. 24.  Plaintiffs responded to the Cardinal and McKesson Defendants' Motion.  Doc. 13.  These Defendants filed a Reply. Doc. 19.

In the four Consent Motions, docs. 11, 12, 18, 24, Plaintiffs and the moving Defendants agree that the time for these Defendants to answer or respond to Plaintiffs' Complaint should be extended to June 18, 2019 and ask the Court to extend the deadlines accordingly.  The parties to

these consent motions have demonstrated good cause, and the Court **GRANTS** the parties' requests in accordance with Federal Rule of Civil Procedure 6(b).[1]

In the Emergency Motion, doc. 9, the Cardinal and McKesson Defendants ask the Court to extend their deadlines to answer or otherwise respond to Plaintiffs' Complaint until 30 days after (1) this Court rules on any motion to remand, or (2) the entry of the Judicial Panel for Multidistrict Litigation's ("JPML") decision to grant a motion to vacate a conditional transfer order or to deny the transfer of this litigation to opioid multidistrict litigation, In re National Prescription Opiate Litigation, MDL No. 2804 (N.D. Ohio) ("the MDL")), whichever occurs later. Doc. 9 at 1–2. The Cardinal and McKesson Defendants state they "intend immediately to tag the case for inclusion" in the MDL and acknowledge that Plaintiffs intend to move to remand this case to state court.[2] Id. The Cardinal and McKesson Defendants argue it would be inappropriate and inefficient for this Court to require Defendants to respond to Plaintiffs' Complaint at this time because the case will likely be remanded to state court or transferred to the MDL. Id. The Cardinal and McKesson Defendants contend "any motion to dismiss briefing in this Court would need to be re-drafted if the case is either transferred to the MDL or remanded to state court." Id.

---

[1] The Court notes that the motion filed by Plaintiffs and Defendants Rainbow Drug Store, Inc., Richard D. Griffis, Jr., and Richard D. Griffis, III states "these Defendants will answer Plaintiffs' First Discovery Requests by the earlier of August 18, 2019 or ten (10) days following the Court ruling on any motion to dismiss." Doc. 18 at 1. The motion filed by Plaintiffs and Defendants Woodbine Pharmacy, Sabra Maddox, Alan Jones, and Carey Jones echoes this. Doc. 24 at 3 ("Plaintiffs and these defendants have also agreed that defendants will have until August 18, 2019 or 10 days after the ruling on any motion to dismiss filed by these defendants in which to respond to plaintiffs' first interrogatories and request for production of documents[.]"). Under Federal Rule of Civil Procedure 29(b), the parties' agreement regarding this discovery response deadline does not require Court approval, and the parties are free to engage in such stipulations so long as the stipulation does not interfere with the time set for completing discovery, for hearing a motion, or for trial.

[2] At the time of this Order, the Cardinal and McKesson Defendants have not presented any information to the Court showing that they have, in fact, taken steps to tag the case for transfer to the MDL.

Plaintiffs oppose the Cardinal and McKesson Defendants' request for an extension tied to a future remand or MDL transfer but do not oppose extending the Cardinal and McKesson Defendants' time to respond to the Complaint to June 18, 2019, the same response date to which Plaintiffs and the other moving Defendants agreed.  Doc. 13 at 2.  Plaintiffs argue the Cardinal and McKesson Defendants' request is largely a stall tactic, motivated by a belief that it will take months for the JPML to resolve the transfer issue, and, potentially even longer if the MDL court is required to resolve a remand motion.  Id. at 3–5.

Although the Cardinal and McKesson Defendants characterize their request as an extension, if granted, it would effectively act as a stay of the action until a court—this Court or the MDL court—remands the case, and then, if not remanded, until the JPML fully resolves whether this case should be transferred to the MDL.  The Cardinal and McKesson Defendants cite Little v. Pfizer, Inc., No. C-14-1177, 2014 WL 1569425 (N.D. Cal. Apr. 18, 2014).  In Little, the court stayed the action, pending the JPML's determination as to whether the case would be transferred to multidistrict litigation and denied the plaintiffs' motion to remand without prejudice, stating that the plaintiffs could re-urge the remand argument once the transfer issue was resolved.  Id. (noting that the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case[]", and citing Robinson v. DePuy Orthopaedics, Inc., No. 3:12-cv-00003, 2012 WL 831650 (W.D. Va. Mar. 6, 2012).  Notably, in Little, the defendants responded to the plaintiffs' complaint before the action was stayed.  Answers, Little v. Pfizer, Inc., 3:14-cv-01177 (S.D. Cal. Mar. 13 & Mar. 19, 2014), ECF Nos. 5, 15.

Plaintiffs oppose the Cardinal and McKesson Defendants' request and cite, among other authority, Mayor & City Council of Baltimore v. Purdue Pharma L.P., Civil Action No. GLR-18-

3

800, 2018 WL 1963816 (D. Md. Apr. 25, 2018) ("Baltimore v. Purdue").  Doc. 13 at 5.  In Baltimore v. Purdue, the plaintiffs alleged various claims against the defendants regarding the manufacture and distribution of opioid medications.  2018 WL 1963816, at *3.  The plaintiffs moved to remand, and the defendants sought to transfer the case to the MDL (the same opioid multidistrict litigation to which the Cardinal and McKesson Defendants seek to transfer this action).  Id.  The Baltimore v. Purdue defendants asked the court to decline ruling on the motion to remand until the issue of transfer had been resolved.  Id.  The court rejected that request and granted the motion to remand, noting "several federal district courts have granted motions to remand before the JPML could transfer the cases to the MDL Court."  Id. (collecting cases, including on district court case from a district in the Eleventh Circuit, Estate of Bruce Brockel v. Purdue Pharma L.P., 1:17-cv-00521 (S.D. Ala. Mar. 29, 2018)).

In addition to dealing with a motion to remand, the Brockel court also had cause to address the defendants' motion to stay pending the JPML's final decision on whether to transfer the case to the MDL in the Northern District of Ohio.  The basis for the defendants' motion was to "conserve the court and the parties' resources as well as to avoid duplicative, costly[,] and potentially irrelevant dispositive motion practice and litigation."  Ord., Estate of Bruce Brockel, (S.D. Ala. Jan. 3, 2018), ECF No. 45, pp. 1–2.  The court noted courts' "broad discretion to stay proceedings as an incident to its power to control its own docket."  Id. at 3 (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)).  In addition, the Rules of the JPML do not dictate that a district court should "automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a part[y's] motion to the MDL Panel for transfer and consolidation."  Id. at p. 4 (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1348, 1360 (C.D. Cal. 1997).  "Courts still assess if a stay is 'better calculated to vindicate the interests of judicial

4

economy, consistency of result, and minimization of prejudice to the parties.'" Id. at p. 5 (quoting Betts v. Eli Lilly & Co., Inc., 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006)).  Upon consideration of these factors, the court denied the defendants' motion to stay.  Id. at pp. 5–8; but see Barwick v. Outback Steakhouse of Fla., LLC, CV418-312, 2019 WL 1495290, at *1 (S.D. Ga. Apr. 4, 2019 (taking a "preliminary peek" at the motion to stay pending resolution of a remand motion in a non-MDL case and determining the "remand motion appears sufficiently strong to warrant staying discovery[]").[3]

In consideration of this authority and the parties' briefing, the Court denies the Cardinal and McKesson Defendants' request for an indefinite extension tied to a future remand or MDL transfer.  First, it should be noted that an extension or stay in these circumstances is, at most, discretionary and is certainly not mandatory.  The Rules of the JPML explain that the possibility of a transfer to a multidistrict litigation does not limit the pretrial jurisdiction of a transfer court in any way.  Ord., Brockel, 1:17-cv-00521 (S.D. Ala. Jan. 3, 2018), ECF No. 45, p. 4 (quoting Rule 18 of the JPML Rules and Rivers, 980 F. Supp. at 1360).  Furthermore, as noted in Baltimore v. Purdue, "[m]otions to remand are particularly appropriate for resolution by [a transfer court] because 'if [the transfer court] does not have jurisdiction over th[e] matter, then neither will the MDL court.'"[4]  2018 WL 1963816, at *4.  Plaintiffs have now filed their motion

---

[3] The Court declines to take a "preliminary peek" at Plaintiffs' motion for remand at this time. Doc. 20.

[4] In their Reply, the Cardinal and McKesson Defendants state "in numerous other opioid-related cases removed to a federal court in Georgia by the same or related national defendants on the same jurisdictional grounds, district courts have granted the same or materially similar extensions of time when requested." Doc. 19 at 2 (citing Bolton v. Bynes, No. 4:18-cv-00136 (S.D. Ga. June 13, 2018), ECF No. 12; Fannin v. Rite Aid of Ga., Inc., No. 2:18-cv-00220 (N.D. Ga. Nov. 26, 2018); Henry County v. Purdue Pharma, LP, et al., No. 1:18-cv-03899 (N.D. Ga. Aug. 24, 2018); City of Atlanta v. Purdue Pharma L.P., 34847-6185-9991 v3 No. 1:18-cv-03508 (N.D. Ga. July 30, 2018), ECF No. 5; ApolloMD Business Services, LLC v. Attain Med, Inc., No. 1:18-cv-01662 (N.D. Ga. Apr. 26, 2018), ECF No. 13;

to remand, doc. 20, and the motion will be briefed and ripe for review soon.  Additionally, the Cardinal and McKesson Defendants have not demonstrated any material prejudice in requiring these Defendants to answer or respond to Plaintiffs' Complaint.  Regardless of whether the case remains in this Court, is remanded to state court, or is transferred to the MDL court, the Cardinal and McKesson Defendants will have to answer or respond to Plaintiffs' Complaint.  The Cardinal and McKesson Defendants make the conclusory statement that "any motion to dismiss briefing in this Court would need to be re-drafted if the case is either transferred to the MDL or remanded to state court[]" but offer no support for the statement or explain why such "re-drafting" would be required or would be unduly burdensome.  Therefore, the Court denies the Cardinal and McKesson Defendants' request for an extension tied to a future remand or MDL transfer.  The Court will proceed to take up the issue of remand.  In the event the JPML issues a final determination on any request for transfer, the Court will take up the issue at that time.

While the Court denies the Cardinal and McKesson Defendants' broader request, good cause exists to extend the time for these Defendants to respond to Plaintiffs' Complaint to June 18, 2019.  Indeed, in their reply brief, the Cardinal and McKesson Defendants ask for their response deadline to be extended to June 18, 2019 as an alternative to their other requested extension.  Doc. 19 at 3.  Plaintiffs consent to and do not oppose an extension of the Cardinal and McKesson Defendants' response deadline to June 18, 2019, doc. 13 at 2.

For the reasons set forth above, the Court **GRANTS** the Consent Motions, docs. 11, 12, 18, 24.  The Court **DENIES in part** and **GRANTS in part** the Cardinal and McKesson Defendants' Emergency Motion, doc. 9.  The Court **DENIES** the Cardinal and McKesson

---

and Fulton County v. Purdue Pharma L.P., No. 1:17-cv-04757 (N.D. Ga. Dec. 4 2017), ECF No. 7).  A critical distinction between each of the cases cited and the present case—a distinction counsel was surely aware of—is that in each of the cited cases, the requested extension was unopposed.

6

Defendants' request for an extension tied to a future remand or MDL transfer.  However, the Court **GRANTS** the Cardinal and McKesson Defendants' request to extend the time to answer or respond to Plaintiffs' Complaint to June 18, 2019.  Accordingly, all Defendants, including the Cardinal and McKesson Defendants, shall answer or otherwise respond to Plaintiffs' Complaint on or before June 18, 2019.[5]

    **SO ORDERED**, this 24th day of May, 2019.

                                              BENJAMIN W. CHEESBRO
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA

---

[5] Defendants Agape Presciptions "R" Us, Inc., Janice Ann Colter, Christopher Grey May, and Charles Lott have not filed a motion seeking an extension to answer or otherwise respond to Plaintiffs' Complaint.  However, these Defendants shall also have until June 18, 2019 to file any answer or to otherwise respond to Plaintiffs' Complaint.