# In the United States District Court for the Southern District of Georgia Brunswick Division

JOSEPH POPPELL, et al.

    Plaintiffs,

v.

CARDINAL HEALTH INC., et al.

    Defendants.

CV 2:19-064

## ORDER

Before the Court are Plaintiffs' Motion to Remand to State Court and Plaintiffs' Motion for Attorneys' Fees, dkt. no. 20. Defendants McKesson Corporation; McKesson Drug Company, LLC; McKesson Medical-Surgical Minnesota Supply, Inc.; McKesson Medical-Surgical, Inc.; Cardinal Health, Inc.; Cardinal Health 108, LLC; Cardinal Health 110, LLC; Cardinal Health 112, LLC; Cardinal Health 113, LLC; Cardinal Health 116, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; Christopher Grey May; Sabra L. Maddox; Janice Ann Colter; JM Smith Corporation; Woodbine Pharmacy, Inc.; Agape Prescriptions "R" Us, Inc.; G&H Pharmacy, Inc.; Carey B. Jones; and Alan M. Jones removed this action from the Superior Court of Glynn County pursuant to 28 U.S.C. § 1441. See Dkt. No. 1.

AO 72A
(Rev. 8/82)

Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, 28 U.S.C. § 1446(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Section 1446(b)(2)(A) sets forth what has been coined the "unanimity requirement." As the Eleventh Circuit has stated, "federal courts have universally required unanimity of consent in removal cases involving multiple defendants." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

Plaintiffs argue that one Defendant, Charles Robert Lott, has not consented to removal, and thus, that this action was improperly removed and is due to be remanded. The Distributor Defendants[1] counter that Defendant Lott and the other "Pharmacy Defendants"[2] have been fraudulently misjoined and as such, Lott's consent is

---

[1] The Distributor Defendants are Cardinal Health, Inc.; Cardinal Health 108, LLC; Cardinal Health 110, LLC; Cardinal Health 112, LLC; Cardinal Health 113, LLC; Cardinal Health 116, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; McKesson Corporation; McKesson Drug Company, LLC; McKesson Medical-Surgical, Inc.; McKesson Medical-Surgical Minnesota Supply, Inc.; and JM Smith Corporation.

[2] The Pharmacy Defendants are G&H Pharmacy, Inc.; Agape Prescriptions "R" Us, Inc.; Janice Ann Colter; Christopher Grey May; Woodbine Pharmacy, Inc.; Sabra L. Maddox; Alan M. Jones; Carey B. Jones; Rainbow Drug Store, Inc.; Richard D. Griffis, Jr.; Richard D. Griffis, III; and Charles Robert Lott.

2

not required. In support of this contention, the Distributor Defendants argue that the claims against them "are materially distinct from those against the Pharmacy Defendants." Dkt. No. 1 ¶ 98. The Distributor Defendants further argue that Plaintiffs' conspiracy and Georgia RICO claims against all Defendants "change[ ] nothing . . . because the *factual basis* for Plaintiffs' claims against the Distributor Defendants (alleged failure to monitor and report suspicious shipments) is materially distinct from the factual basis for Plaintiffs' claims against the Pharmacy Defendants (alleged professional negligence in filling prescriptions)." Dkt. No. 1 ¶ 102.

Defendants' arguments fail because Plaintiffs have *extensively* alleged that the Distributor Defendants conspired with the Pharmacy Defendants "to distribute controlled substances in violation of state and federal law, so that the conspirators could profit from that distribution." Dkt. No. 1-1 ¶ 210. The factual allegations supporting the conspiracy claims include that the Distributor Defendants had long-term relationships with the Pharmacy Defendants, during which the Distributor Defendants filled numerous orders for the Pharmacy Defendants that the Distributor Defendants knew were for excessive purchases of controlled substances. Plaintiffs further allege that the Distributor Defendants knew that the orders were unusual and suspicious. Putting these allegations together, then, Plaintiffs

allege that each group of Defendants had their own distinct role in the conspiracy, and that without each group of Defendants undertaking their distinctive role, the conspiracy would not have existed or succeeded. Thus, even though the Distributor Defendants may have violated certain state and federal laws and regulations that the Pharmacy Defendants were not subject to (and thus could not have violated), Plaintiffs have sufficiently alleged that both groups of Defendants combined their efforts and conspired with each other to profit from the other group of Defendants' illegal acts. Accordingly, based on the factual allegations of the Complaint, each group of Defendants had a sufficient connection to the controversy of whether such conspiracies took place, and each group of Defendants are properly joined in this action. Cf. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("In Tapscott, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.").

Mindful that Defendants bear the burden of proving that removal is proper, and that "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand,"

4

Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001), Plaintiffs' Motion for Remand to State Court is **GRANTED**.  Plaintiffs' Motion for Attorneys' Fees is **DENIED**.  The Clerk of Court is directed to **REMAND** this case to the Superior Court of Glynn County.  All other outstanding motions in this action are **DENIED as moot**.

**SO ORDERED**, this 4th day of June, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA