IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOSEPH POPPELL, ET AL., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 2:19-cv-00064-LGW-BWC |
| | ) |
| v. | ) |
| | ) |
| CARDINAL HEALTH, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**MOVING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO REOPEN CASE AND JOINT MOTION FOR RELIEF FROM REMAND ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3)**

Plaintiffs concede that they reached a preliminary agreement to settle their claims against Charles Lott *before* Cardinal Health removed this action. (D.E. 57 at 7.) Plaintiffs concede that the agreement required Lott to "not consent to removal" and that Lott in fact "refused to consent to removal" based on that agreement. (*Id.*) And Plaintiffs do not challenge—and thus concede—that they never disclosed that agreement to this Court or to Moving Defendants. *See* Ga. Prof. R. Conduct 3.3, cmt. 3 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation.").

Those concessions confirm that Plaintiffs had no good faith intention of pursuing their claims against Lott. He was therefore fraudulently joined and his consent to removal was not required. But Plaintiffs procured the remand order on the basis of Lott's non-consent and the false representation that Plaintiffs intended to pursue claims against Lott. Accordingly, this Court should vacate the remand order under Rule 60(b)(3).

Plaintiffs' response largely ignores the merits of the Rule 60(b)(3) motion and instead seeks improperly to re-argue their remand motion. This gambit should fail. The Moving Defendants have demonstrated entitlement to relief under Rule 60(b)(3).

I.      **This Court Has Authority To Vacate its Remand Order Under Rule 60(b)(3).**

Plaintiffs incorrectly rely on *Wachovia Mortg. FSB v. Marquez*, 520 F. App'x 783 (11th Cir. 2013). (D.E. 57 at 9-10.) *Wachovia* has no precedential value because in the Eleventh Circuit "unpublished decisions . . . are not precedential and they bind no one." *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016).

*Wachovia* likewise lacks persuasive value. As the Fourth Circuit explained, *Wachovia* contained "minimal analysis," arose "in the context of appeals bought by pro se litigants," and "failed to consider what relief under Rule 60(b)(3) can entail: *vacatur* based on a contaminated process, not *review* of a motion's merits." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1011 (4th Cir. 2014). Indeed, it is not at all clear that *Wachovia* even involved a request for relief under Rule 60(b)(3). The plaintiff's pro se motion sought relief based on "violations of The Federal Civil Rights Act of 1871" and various constitutional provisions, and also requested that the court vacate a summary judgment order entered by the state court. *Marquez v. Wachovia Mortg., FSB*, No. 1:12-cv-22434 (S.D. Fla. July 16, 2012), D.E. 15, at 1, 7. Only in passing did the motion quote Rule 60 in its entirety and without providing any explanation for doing so. *Id.* at 5-6. The district court's order denying the motion provided no reasoning, *Marquez v. Wachovia Mortg., FSB*, No. 1:12-cv-22434 (S.D. Fla. July 25, 2012), D.E. 20, and although the Eleventh Circuit's opinion construed the plaintiff's motion as a request for relief under Rule 60(b), it did not specify which subpart applied. *Wachovia*, 520 F. App'x at 784. In that context, it is difficult to see how *Wachovia* even speaks to motions to vacate under Rule 60(b)(3).

Critically, *Wachovia* also failed to cite or to discuss *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279 (11th Cir. 1999). *Aquamar*—which *is* binding precedent— holds that "[v]acatur of a remand order does not . . . constitute a forbidden 'review' of [a] remand decision" when the court "vacate[s] [the] order for reasons that do not involve

reconsideration or examination of its merits." *Id.* at 1288. That is precisely what a court does when it vacates a remand order under Rule 60(b)(3). *See Barlow*, 772 F.3d at 1010-11.

## II. Plaintiffs' Collusion with Lott Rendered Him a Fraudulently Joined Defendant and Their Failure to Disclose that Agreement Prevented Cardinal Health from Raising a Meritorious Defense.

Plaintiffs try to excuse their collusion with Lott by arguing that there is nothing improper about a plaintiff seeking to thwart removal by entering agreements with defendants. (D.E. 57 at 11.) Leaving aside that this argument says nothing about Plaintiffs and Lott not disclosing their agreement to the Court, Plaintiffs rely on decisions involving forum-selection clauses in underlying agreements. (D.E. 57 at 12 & n.9.) These cases have no bearing here: No defendant waived its right to removal through an *ex ante* forum-selection clause. Lott agreed with Plaintiff to withhold his consent to removal only *after* Plaintiff filed this action. (D.E. 57 at 7.)

Plaintiffs also argue that Lott's consent to removal was required because their settlement is not "final." (D.E. 57 at 12.) But the relevant question is not simply whether Plaintiffs settled their claims against Lott. The question is whether their agreement shows that they had "no real good faith intention to prosecute [Lott] or seek a joint judgment," *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1403 (S.D. Fla. 2008), despite representing to the Court and procuring the remand order on the basis that they did intend to pursue such claims.

Plaintiffs settled their claims against Lott for nothing more than a vague promise to "cooperate" with Plaintiffs and his agreement to withhold his consent to removal. (D.E. 57 at 7.)[1]

---

[1] A number of courts have concluded that a settling defendant is a nominal defendant whose consent to removal is not required. *See, e.g.*, *Acosta v. Master Maint. & Const., Inc.*, 52 F. Supp. 2d 699, 709 (M.D. La. 1999) ("Defendants who have settled are nominal defendants whose consent to removal is unnecessary."); *Hagan v. Leon*, 2018 WL 6308734, at *1 (M.D. Pa. Dec. 3, 2018) ("[B]ecause Plaintiffs settled their claims against Moving Defendants, Moving Defendants have no continuing interest in this litigation, and thus, they are nominal defendants and, as a result, their consent is not required to remove this action to federal court." (alterations added and omitted; quotation marks omitted)).

That agreement shows that Plaintiffs had no good faith intention of pursuing their claims against Lott; he is therefore fraudulently joined. *See Diaz*, 567 F. Supp. 2d at 1404; *In re Diet Drugs Products Liability Litigation*, 220 F. Supp. 2d 414, 421 (E.D. Pa. 2002); *Ashford v. Aeroframe Servs., LLC*, 2015 WL 13650549, at *12 (W.D. La. Jan. 30, 2015), *aff'd in part, rev'd in part and remanded*, 2015 WL 2089994 (W.D. La. May 4, 2015).

Plaintiffs' attempts to distinguish these cases are unavailing. Plaintiffs say that *Diaz* is inapposite because there, "the non-consenting defendant literally colluded with plaintiff." (D.E. 57 at 14.) But that is exactly what happened in this case. "The undisputed evidence . . . shows that Plaintiff[s] ha[ve] joined Defendant [Lott] to ensure that [their] case remain in state court and not to obtain a judgment against him"—or at least nothing more than a nominal judgment. *Diaz*, 567 F. Supp. 2d at 1404. That "evidence satisfies . . . the fraudulent joinder test." *Id.*

In *In re Diet Drugs*, the district court likewise concluded that non-consenting defendants were fraudulently joined where they "reached agreements whereby plaintiffs w[ould] ultimately dismiss [them] in exchange for their refusal to consent." 220 F. Supp. 2d at 421. Although Plaintiffs note that the court "strongly doubt[ed] that there [was] a colorable claim against the [non-consenting] defendant," (D.E. 57 at 15), they notably omit the very next sentence: "However, we need not decide that issue here." *In re Diet Drugs*, 220 F. Supp. 2d at 422. Instead, based on the "removal agreements" between plaintiffs and non-consenting defendants, the court found that "defendants have met their heavy burden of persuasion that plaintiffs have no real intention in good faith to seek a judgment against the [non-consenting] defendants and . . . as a result the [non-consenting] defendants are fraudulently joined in these actions." *Id.*

Similarly, in *Ashford*, the court concluded that a defendant's consent to removal was not required when the defendant "reached an agreement [with plaintiffs] whereby they would join

4

forces against" the remaining defendant. 2015 WL 13650549, at *8. Plaintiffs argue that *Ashford* "does not make clear whether a settlement between Plaintiffs and a defendant had to be *final*, even if the defendant was not dismissed." (D.E. 57 at 13 n.12.) But the *Ashford* court addressed that precise issue, explaining that although the non-consenting defendant "remain[ed] a titular defendant," "[c]onsidering their compromise the continuation of [the non-consenting defendant] as a defendant to plaintiff's claim is improper" and its "consent is not necessary." *Id.* at *11.

Recognizing the impropriety of their representation that Lott's lack of consent was dispositive, Plaintiffs suggest that Cardinal Health knew or should have known about the agreement with Lott. (D.E. 57 at 11.) While Plaintiffs assert that before the June 4 hearing began, counsel for one of the Pharmacy Defendants announced that Plaintiffs had settled with Lott, the record confirms that Cardinal Health's counsel was not aware of any such announcement during the hearing (D.E. 56-1 (Wiech, Decl. at ¶¶ 11-12)) and the transcript contains no mention it. (D.E. 54.) While Plaintiffs assert that they "took no steps to preclude Mr. Lott from discussing or revealing the contents of their preliminary agreement with him" (D.E. 57-3 (Affidavit of James D. Durham at ¶ 10c)), Lott's counsel admits that when Moving Defendants asked why Lott would not consent to removal, he "was not going to tell [them] why." (D.E. 22-1 (Affidavit of Robert P. Killian at ¶ 8).) And while Plaintiffs assert that *other* defendants knew about the settlement (D.E. 57 at 11), their knowledge cannot fairly be attributed to Moving Defendants. Indeed, Plaintiffs' response to Moving Defendants' letter makes clear that Plaintiffs' gambit was to engage with multiple Pharmacy Defendants in hopes of reaching an agreement with one to defeat removal. (D.E. 56-1, Ex. 2 ("Before discussing a potential resolution with counsel for

5

Mr. Lott, counsel for Plaintiffs discussed a potential resolution on similar terms with Defendant G & H Pharmacy, Inc.").) But Plaintiffs mentioned not a word of this to the Court.[2]

## CONCLUSION

Plaintiffs procured the remand order through a (mis)representation that Plaintiffs intended to pursue claims against Lott. In fact, Plaintiffs had already agreed to dismiss Lott in exchange for his non-consent to removal, and little more than that. But neither Plaintiffs nor Lott informed the Court of their agreement. They did not mention it in their remand motion. They did not mention it at the remand hearing when the Court twice referenced Lott's refusal to consent. (June 4, 2019 Hr'g Tr. at 15:22-16:7; 25:10-21.) In short, they procured the remand order by fraud, misrepresentation, or misconduct. This Court should vacate that order under Rule 60(b)(3).

June 25, 2019  /s/ S. Derek Bauer
S. Derek Bauer (*admitted pro hac vice*)
(Georgia Bar No. 042537)
Christopher A. Wiech (*admitted pro hac vice*)
(Georgia Bar No. 757333)
Cody S. Wigington

---

[2] The bulk of Plaintiffs' opposition attempts to relitigate the merits of their remand motion. Those arguments are beyond the scope of the Rule 60(b)(3) motion. In any event, their principal argument—that removal was procedurally defective because three defendants (Rainbow Drug Store, Inc., Richard D. Giffis, Jr., and Richard D. Griffis, III) "did not object" to removal (D.E. 57 at 23)—is forfeited. Plaintiffs did not raise issues about any defendants' consent other than Lott's within 30 days after removal. *See* 28 U.S.C. § 1447(c); *Govan v. Yale Carolinas, Inc.*, 114 F. Supp. 3d 1183, 1190 (N.D. Ala. 2015) ("[A] procedural defect in the removal process is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court." (quotation marks omitted)). Even if Plaintiffs had not forfeited this issue, there is "no meaningful difference between a statement of 'no objection' and consent to removal." *Moses v. Forkeotes*, 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016); *see also York Hannover Holding A.G. v. Am. Arbitration Ass'n*, 794 F. Supp. 118, 122 (S.D.N.Y. 1992) ("[T]hese semantic distinctions come to nothing. The AAA consented to McDermott's removal because it had no objection. Conversely, the AAA had no objection because it consented. The propriety of removal cannot be made to depend on such linguistic niceties."); *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (rejecting argument that "the words 'no objection to removal' are insufficient to indicate actual consent").

(Georgia Bar No. 653519)
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
dbauer@bakerlaw.com
cwiech@bakerlaw.com
cwigington@bakerlaw.com

*Counsel for Cardinal Health, Inc., Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 112, LLC, Cardinal Health 113, LLC, Cardinal Health 116, LLC, Cardinal Health 200, LLC Cardinal Health 414, LLC*

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/ John M. Tatum*
John M. Tatum
Georgia Bar No. 699000
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
(912) 236-0261
(912) 236-4936 (facsimile)
Email: jtatum@huntermaclean.com

**KREVOLIN & HORST, LLC**

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Adam M. Sparks (admission application forthcoming)
Georgia Bar No. 341578
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, Georgia 30309
(404) 888-9700
(404) 888-9577 (facsimile)
Email: hknapp@khlawfirm.com
Email: sparks@khlawfirm.com

*Attorneys for McKesson Corporation ; McKesson*

7

*Drug Company, LLC; McKesson Medical-Surgical, Inc.; and McKesson Medical-Surgical Minnesota Supply, Inc.*

*Drug Company, LLC; McKesson Medical-Surgical, Inc.; and McKesson Medical-Surgical Minnesota Supply, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2019, I caused a copy of the foregoing to be filed electronically through this Court's electronic filing system, and, as such, notice of such filing should be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

June 25, 2019                                             */s/ S. Derek Bauer*
                                                                    S. Derek Bauer (*admitted pro hac vice*)
                                                                    (Georgia Bar No. 042537)