# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2019 AUG -5 AM 8:30
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| JOSEPH POPPELL, *et al.*, | |
| Plaintiffs, | |
| v. | CV 2:19-064 |
| CARDINAL HEALTH INC., *et al.* | |
| Defendants. | |

## ORDER

Before the Court is a Motion to Reopen Case and Relief From Remand Order Pursuant to Federal Rule of Civil Procedure 60(b)(3) filed by Defendants Cardinal Health, Inc., Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 112, LLC, Cardinal Health 113, LLC, Cardinal Health 116, LLC, Cardinal Health 200, LLC, Cardinal Health 414, LLC, McKesson Corporation, McKesson Drug Company, LLC, McKesson Medical-Surgical, Inc., and McKesson Medical-Surgical Minnesota Supply, Inc. (collectively, "Moving Defendants"). Dkt. No. 55. This Motion has been fully briefed and is ripe for review. For the reasons that follow, the Motion is **DENIED**.

This action was originally filed in the Superior Court of Glynn County. The Complaint sets forth a number of state law claims against two groups of Defendants that Plaintiffs aver

illegally conspired to flood Glynn County with opiates. The first group of Defendants are the "Distributor Defendants" that allegedly illegally distributed the opioids to the second group of Defendants, the "Pharmacy Defendants," that (as the name indicates) were pharmacists and pharmacies that allegedly illegally filled opioid prescriptions. The Defendants removed this action to this Court. The Court held, however, that removal was improper because not all Defendants consented to removal as required by the federal removal statutes. See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."). In reaching this conclusion, the Court rejected the Distributor Defendants' arguments that the Pharmacy Defendants were fraudulently joined. Thus, the Court ordered that this action be remanded to the Superior Court of Glynn County.

Now, the Distributor Defendants argue that the Court should vacate its Remand Order because one of the non-consenting Defendants,[1] Charles Robert Lott, allegedly colluded with the

---

[1] As Plaintiffs point out in their response brief to this Motion, Lott was not the only Defendant who did not consent to removal. Defendants Notice of Removal only lists eight of the twelve Pharmacy Defendants as consenting to removal. The Notice ambiguously states that three of the Pharmacy Defendants "do not object to removal." Dkt. No. 1 ¶ 112. The record is silent with respect to the circumstances regarding the three Pharmacy Defendants' non-objections. Thus, it is unclear whether these

2

Plaintiffs by entering into an agreement to settle with Plaintiffs that required that Lott not consent to removal. The Moving Defendants argue that such collusion occurred prior to the removal of this action and that the agreement was not disclosed to the Court or the Moving Defendants. These facts, the Moving Defendants argue, establish fraud, misrepresentation, and misconduct by Plaintiffs and Lott.

Assuming *arguendo* that the Court's Order remanding this case is reviewable pursuant to Federal Rule of Civil Procedure 60(b)(3), Defendants' Motion fails for *at least* one reason: Lott and Plaintiffs had not settled at the time of removal. Instead, Lott and Plaintiffs had, at most, reached a *preliminary* agreement to resolve their claims; a preliminary agreement is not a settlement agreement. There is no evidence that any preliminary agreement was enforceable. Plaintiffs still had (and have) the power to prosecute their claims against Lott, and their efforts to settle with Lott are a manifestation of this power. Because at the time of removal Lott was a properly joined Defendant who properly withheld his consent to removal, Defendants' Motion rests on a factual basis that is belied by the record.

---

three Defendants "consent[ed]" to removal within the meaning of 28 U.S.C. § 1446. In any event, Charles Robert Lott refused to consent.

3

Additionally, according to Defendants' own briefs, Defendants themselves became aware prior to the remand hearing and order that Plaintiffs were contemplating a settlement with the nonconsenting Defendants. For some reason, Defendants elected not to bring that knowledge to this Court's attention until after they lost the remand motion.

For the reasons provided, Moving Defendants' Motion, dkt. no. 55, is **DENIED**. Moving Defendants' motion for hearing, dkt. no. 60, is **DENIED as moot**.

**SO ORDERED**, this 5th day of August, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA